IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN ANTHONY ADAMS, § | |
| § | |
| Movant, § | |
| § | No. 3:22-cv-00831-M (BT) |
| v. § | No. 3:16-cr-00246-M-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Brian Anthony Adams, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. In response, the Government filed a motion to dismiss Adams's § 2255 motion as time-barred (ECF No. 6). For the following reasons, the Court should grant the Government's motion.

I.

Adams pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). On May 10, 2018, the District Court sentenced him to a total term of 108 months' imprisonment. Adams appealed to the Fifth Circuit

1

Court of Appeals. But on January 15, 2019, the Fifth Circuit dismissed his appeal as frivolous and entered an order directing the District Court to correct a clerical error in the Judgment. *See United States v. Adams*, 747 F. App'x 992 (5th Cir. 2019) (per curiam). Adams did not file a petition for a writ of certiorari in the Supreme Court.

On April 4, 2022, Adams filed this § 2255 motion (ECF No. 2) and a memorandum in support raising a single claim for relief (ECF No. 3). Citing the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), he argues that his § 924(c) conviction is "no longer valid." Mem. 1 (ECF No. 3); *see also* Mot. 7 (ECF No. 2).

In response, the Government filed a motion to dismiss, arguing that Adams's § 2255 motion should be dismissed as time-barred or, in the alternative, that the Court should deny Adams's motion as meritless because *Borden* has no effect on his § 924(c) conviction. Adams did not file a reply, and the time for doing so has passed.

II.

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit dismissed Adams's appeal on January 15, 2019. *See Adams*, 747 F. App'x at 992. He did not file a petition for a writ of certiorari in the Supreme Court, and the time for doing so expired on April 15, 2019. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). Adams's conviction thus became final on April 15, 2019. *See Clay v. United States*, 537 U.S. 522, 532 (2003). He then had one year, or until April 15, 2020, to file his § 2255 motion. But Adams did not file his §

2255 motion until April 4, 2022—almost two years after the limitations period had expired.[1] His motion is therefore untimely.

Adams argues that *Borden* applies to his § 924(c) conviction, and he is entitled to reset the limitations period under § 2255(f)(3), which provides a § 2255 motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." *United States v. Hanner*, 32 F.4th 430, 436 n.5 (5th Cir. 2022) (quoting 28 U.S.C. § 2255(f)(3)); *see also Dodd v. United States*, 545 U.S. 353, 359 (2005). The Government apparently concedes that *Borden* is retroactively applicable on collateral review, but it argues that *Borden* does not affect Adams's § 924(c) conviction. *See* Mot. 4 & n.3 (ECF No. 6). However, the Fifth Circuit has not specifically addressed whether *Borden* is retroactively applicable on collateral review. *See Hall v. USA*, 2022 WL 1928844, at *3 (W.D. La. May 17, 2022) (recognizing the Fifth Circuit has not addressed whether *Borden* is retroactively applicable on collateral review but citing *United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022); *In re Albertie*, 2021 U.S. App. LEXIS 26162, at *7 (11th Cir. Aug. 30, 2021)), *rec. adopted* 2022 WL 1928776 (W.D. La. June 3, 2022)).

---

[1] The Court deems a prisoner's *pro se* pleading to be filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Here, Adams signed and dated his § 2255 motion on April 4, 2022. Mot. 10 (ECF No. 2); Mem. 2 (ECF No. 3). The Court presumes he delivered it to prison officials on the same date.

4

The Court need not address whether *Borden* is retroactively applicable on collateral review, and therefore resets Adams's limitations period under § 2255(f)(3), because Adams has failed to demonstrate that *Borden* has any impact on the validity of his § 924(c) conviction. In *Borden*, the Supreme Court held that an offense with a mens rea of recklessness cannot qualify as a "violent felony" under the use-of-force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 141 S. Ct. at 1825; *see also United States v. Williams*, 2022 WL 71826, at *1 (5th Cir. Jan. 7, 2022) (per curiam). *Borden* can impact a § 924(c) conviction premised on a crime of violence, but Adams pleaded guilty to a § 924(c) offense premised on a drug-trafficking offense. *See Hall*, 2022 WL 1928844, at *3 (a factually similar case where the court found that *Borden* was inapplicable). In sum, *Borden* does not impact Adams's case, and *Borden* does not reset his limitations period under § 2255(f)(3). Adams's § 2255 motion is therefore subject to the one-year statute of limitations provision found in § 2255(f)(1).

B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling"

5

(quoting *Davis,* 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler,* 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Adams does not argue that he is entitled to equitable tolling. Likewise, he does not present any argument that could be construed as seeking entitlement to equitable tolling. Adams's motion was not timely filed, and he fails to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. He merely filed his motion more than a year late. Adams is therefore not entitled to equitable tolling. Because Adams's sole claim is clearly time-barred, the Court need not reach the merits of this claim.

### III.

For the foregoing reasons, the Court should GRANT the Government's motion to dismiss (ECF No. 6) and DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed July 8, 2022.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).